**Andrew J. SCHULTZ, Jr. and
Jacqueline M. Schultz,
Appellants,**

v.

**HEARTLAND HEALTH SYSTEM, INC., Raman J. Patel, Physicians Acute Care Services, Inc.,William F. Rippe, and Specialists of Internal Medicine, Inc., Respondents.**

**No. WD 56918.**

Missouri Court of Appeals,
Western District.

Feb. 15, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 28, 2000.

Application for Transfer Denied
May 30, 2000.

Bill McIntosh, Kansas City, for Appellants.

Wendell Koerner, Randa Rawlins, Bill Lynch, Kansas City, for Respondents.

PAUL M. SPINDEN, Presiding Judge.

Andrew Schultz contends that the circuit court erred in overruling his motion for new trial because, he asserts, a juror intentionally did not disclose her prior litigation experience during *voir dire*. He also appeals the circuit court's exclusion of two expert witnesses' opinion testimony and the court's permitting certain comments during closing arguments. The first point is dispositive. We reverse and remand to the circuit court for a new trial.

Schultz sued Heartland Health Systems for its nurses' allegedly negligent failure to advise a doctor of the development of certain symptoms during Schultz's hospital stay. Schultz also sued doctors Raman J. Patel and William F. Rippe for allegedly negligent failure to consult a surgeon. Schultz contended that his post-surgery complications were more severe because the doctors did not diagnose his condition as appendicitis before his transfer to a smaller hospital. A jury ruled for Heartland Health Systems, Patel, and Rippe. Schultz appeals.

Schultz argues that *venire* person Waneta Reital intentionally failed to disclose her involvement in two civil lawsuits when asked about prior litigation experiences during *voir dire*. He claims that the circuit court abused its discretion in finding that Reital's nondisclosure was unintentional and not prejudicial. We agree.

During *voir dire*, William McIntosh, Schultz's attorney, said to the *venire* panel:

> With regard to this next question, I need to ask you, I'll give you a little bit of a definition[. A] lawsuit involves any action in which one party invokes the judicial process or the court system, whether it's divorce, increases or decreases in child support payments, custody fights, personal injuries, bankruptcy cases, suit[s] on unpaid credit card amounts or unpaid bills, suits on money loans that have not been paid, landlord-tenant actions for unpaid rent or possession or damage to premises or unrefunded security deposits, small claims actions, even Social Security matters that went to court, even traffic tickets.
>
> I don't want to hear about traffic tickets, divorce, child custody or child support cases, but excluding just those things, traffic tickets, divorce, child custody, and child support cases, have any of you ever been involved in legal proceedings?

Reital did not respond to this question or other follow-up questions seeking informa-

tion about the panel's experiences with litigation.

At an evidentiary hearing after the trial, Reital acknowledged that she and her husband had filed for bankruptcy less than a year before the trial and that the case was pending. They retained and met with an attorney, she said, and, 10 months before the trial, they went to court for a first meeting of the creditors where they were placed under oath. The day before the Schultz trial began, Reital filed a motion to suspend payment on the bankruptcy case.

Reital indicated that she heard and understood the *voir dire* question regarding prior litigation experience. She testified that she heard two other members of the *venire* give information about bankruptcies. She said that she did not respond to the question because:

> I assumed that there [were] two or three different types of bankruptcies. Some of them went to court and some didn't. Like I said, we walked into a room and there was a gentleman sitting at a table with a whole bunch of notebooks, and five minutes later we left. I mean, there was no judge, there was no nothing. So I just assumed it was not a court. It was just, you know, a meeting.

Although other potential jurors disclosed information about legal proceedings that never went to court, Reital believed that her bankruptcy case was different because she did not recognize that she had been to court or that the question did not require a court appearance.

■ A juror's nondisclosure can be intentional or unintentional:

> Intentional nondisclosure occurs: 1) where there exists no reasonable inability to comprehend the information solicited by the question asked of the prospective juror, and 2) where it develops that the prospective juror actually remembers the experience or that it was of such significance that his purported forgetfulness is unreasonable ... Unintentional nondisclosure exists, where, for

example, the experience forgotten was insignificant or remote in time, or where the venireman reasonably misunderstands the question posed.

*Williams v. Barnes Hospital,* 736 S.W.2d 33, 36 (Mo. banc 1987). Whether a *venire* person's nondisclosure is intentional is significant. We infer bias and prejudice from a juror's intentional withholding of material information. *Groves v. Ketcherside,* 939 S.W.2d 393, 395 (Mo.App.1996). "Questions and answers pertaining to a prospective juror's prior litigation experience are material." *Brines v. Cibis,* 882 S.W.2d 138, 140 (Mo. banc 1994).

■ Under the *Williams* test, Reital's nondisclosure was intentional. The question expressly included bankruptcy cases. She admitted that she remembered the pending bankruptcy petition, but she assumed several facts, which, in her view, eliminated her experiences from those sought by Schultz's attorney. This conscious decision not to respond effectively allowed her to determine her qualification "rather than providing the information sought so that the attorneys could make their strikes in an informed manner." *Rife v. State Farm Mutual Automobile Insurance Company,* 833 S.W.2d 42, 43 (Mo.App.1992). Her contention that she did not comprehend that her bankruptcy was included within McIntosh's question was unreasonable, especially in light of other jurors' responses disclosing legal proceedings that had not been to "court."

We view Reital's nondisclosure as intentional; therefore, the circuit court erred in dismissing Schultz's motion for new trial. We reverse the circuit court's judgment and remand the case for a new trial.

HAROLD L. LOWENSTEIN, Judge, and ROBERT G. ULRICH, Judge, concur.